UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DZEMILA KASUMOVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14cv350 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

Plaintiff was 50years old at the time of the hearing. She has a limited education and has had no additional education since she has been in the United States. Plaintiff had past work experience as a shipping and receiving clerk and store laborer. Plaintiff lives with her son, daughter-in-law, and granddaughter.

Plaintiff testified that she has depression and she has crying spells from time to time. She further testified that her trouble sleeping at night affects her during the daytime as she has to sleep during the day. Her doctors advised her to not take her medicine as needed but to take it daily. The medicine she does take makes her feel exhausted and tired.bt that if she stopped talking to it, she would cry too much and think of killing herself.

She drives, but is only able to drive five miles. She drives one or two times per week. She testified she sometimes drives her granddaughter to school, and will drive to visit her brother and to doctor's appointments. On the days when she does not drive her granddaughter to school, her daughter-in-law does the driving. The doctor's office is three miles from her house.

She testified she can lift twenty pounds, can stand for ten minutes at a time before she must sit due to back pain, can sit for thirty minutes without changing positions or standing up, and can walk for 20-30 minutes at a time.

Plaintiff stated that she has type II diabetes which causes tingling in her hands and arms. She stated she has problems gripping objects and recently dropped coffee all over herself as she was carrying it to the table. Plaintiff testified that her left hand is better than her right and she is right hand dominant.

The ALJ found Plaintiff had the severe impairments that included diabetes, obesity, post-traumatic stress disorder (PTSD), anxiety, and depression. The ALJ

found she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1.

Avocational expert testified in order to assist the ALJ in reaching a decision. The ALJ concluded, based upon inquiry of the ALJ that Plaintiff retained the RFC to perform medium work but needed to avoid exposure to heights and avoid climbing ladders, ropes, and scaffolds. She was also limited to no more than frequent fingering and fine manipulation and could perform work involving understanding, remembering, and carrying out simple instructions and non-detailed tasks. The ALJ found that Plaintiff's impairments would not preclude her from performing her past work as a stores laborer, as well as other work that exists in significant numbers in the national economy, including work as an industrial cleaner, dining room attendant, and kitchen helper. The ALJ therefore concluded Plaintiff was not disabled.

The Appeals Council denied her request for review on January 8, 2014.The decision of the ALJ now stands as the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ did

not properly evaluate Plaintiff's severe impairments, the ALJ did not properly evaluate the medical opinions, the ALJ did not properly assess Plaintiff's RFC or correctly use Vocational Expert testimony to find Plaintiff not disabled.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant

work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent

with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints.

*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of March 21, 2009. The ALJ found at Step Two that Plaintiff had the severe impairments of diabetes, obesity, posttraumatic stress disorder, anxiety, and depression.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform medium work except she is limited to jobs involving only routine repetitive tasks. The ALJ further concluded the Plaintiff could lift and/or carry 50 pounds occasionally and 20 pounds frequently. ALJ Pappenfus also found that Plaintiff could stand for six hours out of an eight hour day and sit for six hours out of an eight hour day. The ALJ also noted Plaintiff should avoid climbing ladders, ropes, and scaffolds. Kasumovic was found to be limited to no more than frequent (66 percent of the workday) fingering and fine manipulation. It was also determined that Plaintiff is able to understand, remember and carry out at least simple instructions and non-detailed tasks. It was also found that she should avoid the hazards of height.

At Step Four it was the finding of the ALJ that Plaintiff was capable of performing past relevant work as a stores laborer and that this type work does not require the performance of work-related activities precluded by the claimants residual functional capacity..

Finally, at Step five, the ALJ found, considering Plaintiffs' age, education, work experience, and residual functional capacity, that Plaintiff could perform other work that existed in significant numbers in the national economy. ALJ Pappenfus concluded as well that the Vocational Expert's testimony was consistent with the information set out in the Dictionary of Occupational Titles. The ALJ,

therefore, found Plaintiff not disabled, and denied the benefits sought in her Applications.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

A. Did the ALJ properly evaluate Plaintiff's severe impairments?

The essence of Plaintiff's position on this query is that the ALJ improperly evaluated the severity of her impairments because the ALJ did not analyze her mental impairment in combination with her other impairments. The record, however, demonstrates that the ALJ did indeed properly evaluate and assess her impairments.

The ALJ discussed each of Plaintiff's alleged impairments, including diabetes, obesity, PTSD, anxiety, depression, back pain, facial paralysis, abdominal pain, and chest pain (Tr. 11-13). Based on the medical evidence, she found that Plaintiff had the severe impairments of diabetes, obesity, PTSD, anxiety, and depression. She properly found that the medical evidence did not

establish that Plaintiff had severe back pain, facial paralysis, abdominal pain, or chest pain. ALJ Pappenfus included specific limitations in the RFC assessment based upon Plaintiff's mental impairments. She indicated that she considered all of Plaintiff's non-severe impairments. She separately discussed all of Plaintiff's impairments in the ALJ decision. Consistent with the holding in *Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011), the ALJ fulfilled her duty to evaluate the severity of Plaintiff's impairments in combination.

As to the findings relating to Plaintiff's mental impairments, the ALJ noted that Plaintiff's mental impairments improved with medication and she was less anxious. Plaintiff, in her own testimony, noted that her medication was effective and that her symptoms reappeared when she stopped taking her medication. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) ("If an impairment can be controlled by . . . medication, it cannot be considered disabling.") ( quoting *Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir. 2004)).

The record patently supports the conclusion that the ALJ properly evaluated Plaintiff's impairments for severity.

B. Did the ALJ properly evaluate the medical opinions?

Plaintiff asserts the ALJ gave less than controlling weight to the opinion of treating psychiatrist, Jaron Asher, M.D. and that the evidence supports Asher's

opinion. As a consequence, in Plaintiff's opinion, controlling weight should have been placed upon Asher's opinions.

It is axiomatic that an ALJ must give a treating physician's opinion controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) (citation omitted). If the opinion fails to meet these criteria, the ALJ need not accept it. *See id*. The Eighth Circuit has repeatedly recognized that although a treating physician's opinion is generally entitled to substantial weight, such an opinion "does not automatically control in the face of other credible evidence on the record that detracts from that opinion." *See Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (quoting *Heino v. Astrue*, 578 F.3d 873, 880 (8th Cir. 2009)). "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)).

Upon reviewing the record and the statements and conclusions of the ALJ it is clear that they are supported by the record in that the medical reports cited by Plaintiff do not contain opinions consistent with the requirements of 20 C.F.R. §§

404.1527(a)(2), 416.927(a)(2). They are treatment records only but were considered by the ALJ along with the other medical evidence in the record as they related to Plaintiff's mental impairments. Dr. Asher's records indicated that the Plaintiff was improving with medication and that her impairments were not disabling. Her GAF scores were in the moderate range. Where an impairment can be controlled by medication, it cannot be considered disabling. *Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir. 2004).

The ALJ properly considered Dr. Asher's treatment records, along with the other medical evidence of record, in evaluating Plaintiff's claim. The ALJ did not err in not assigning great weight to Dr. Asher's treatment records.

C. Did the ALJ properly assess Plaintiff's RFC and rely upon Vocational Expert testimony to find Plaintiff not disabled?

Plaintiff here asserts the ALJ's RFC assessment was deficient because the ALJ did not include limitations on concentration, persistence, or pace. Plaintiff also states that because the ALJ's RFC assessment was deficient, the hypothetical question to the Vocation Expert was also deficient. Therefore, Plaintiff suggests the testimony that she could perform other work does not constitute substantial evidence supporting the ALJ's finding of no disability.

It is the claimant's burden to prove her RFC. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (citing *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000)). It is the ALJ's responsibility to determine RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's description of her limitations. *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). The ALJ considered the medical and non-medical evidence and found that Plaintiff retained the RFC to perform medium work but needed to avoid climbing ladders, ropes, and scaffolds. Plaintiff could perform no more than frequent fingering and fine manipulation and needed to avoid heights. She was able to understand, remember, and carry out at least simple instructions and non-detailed tasks.

A hypothetical based upon Plaintiff's age, education, work experience, and RFC was put to the Vocational Expert. The hypothetical necessarily included moderate limitations of the Plaintiff as this was concluded in the step two evaluation process. There is no error in such inclusion. The ALJ's hypothetical question to the expert accurately encompassed Plaintiff's credible limitations. The Vocational Expert's testimony that Plaintiff was capable of performing her past

relevant work and other work constitutes substantial evidence supporting the decision. *See Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005).

## **Conclusion**

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE